20507. HADER v. HOWARD.

ARGUED JUNE 9, 1959—DECIDED JULY 8, 1959—REHEARING DENIED JULY 23, 1959.

254

*David Eisenberg, James A. Mackay, Dan E. McConaughey,* for plaintiff in error.

*Israel Katz,* contra.

WYATT, Presiding Justice. Both parties to this case have argued at length the reasonableness or unreasonableness of the restrictions placed upon the right of the defendant to practice his profession contained in the agreement here under consideration. In the view we take of this case, we do not reach this question. See, in this connection, however, *Rakestraw* v. *Lanier,* 104 *Ga.* 188, 189 (30 S. E. 735, 69 Am. St. Rep. 154). The agreement itself provides the answer to all questions involved in this case. It is provided in a portion of the contract, which is handwritten and which under the evidence was included in the contract before it was signed, as follows: "A 6 month trial period is agreed to at any 3 month period, books will be looked at to check indebtedness under the above agreement. If expenses are not covered by Jan. 1, 1959, other arrangements can be made." This language, while, as stated in the brief of the defendant in error, it may leave something to be desired as to grammar, is clear and unambiguous. If it is to be given any meaning, it means that for a' period of six months, both parties are on trial, and if, at the end of that time, either of them is not satisfied with their association, they can call the whole deal off. If there were any doubt or ambiguity as to the meaning of this language, the testimony of Dr. Howard himself would show the correctness of this conclusion. He testified: "So I finally wrote that in myself at his direction with the intent that the six months would be to see how we 'hit it off' in our relationship together. The other part about the three months was just on a financial arrangement." Evidently the parties did not "hit it off" too well, and Dr. Howard terminated the agreement in less than three months from the date of its execution.

It is now contended that this six months' provision applied only to the financial arrangement between the parties, and that it did not apply to the restrictive covenants. There is no merit in this contention. The changing of the financial arrangements is provided for directly following the six months' provision, where it is provided that these arrangements can be reviewed and changed at the end of any three-month period. The six months' provision clearly refers to and was intended to refer to the entire contract, and within six months of its execution, the contract was terminated by action of the parties thereto, and the restrictive covenants were terminated with the rest of the contract and were no longer binding upon the defendant.

For the reasons stated above, the judgment of the court below restraining the defendant from the practice of dentistry in the area and for the time provided in the contract was an abuse of discretion, was error, and must be

*Reversed. All the Justices concur.*